## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. _____<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| SEACOAST COMMERCE BANC HOLDINGS, ALLAN W. ARENDSEE, RICHARD M. SANBORN, DAVID H. BARTRAM, LISA M. BETYAR, ROBERT DEPHILIPPIS, IRVING FELDKAMP, RICHARD S. LEVENSON, TIMOTHY K. O'CONNOR, B. TED FIELD, ENTERPRISE FINANCIAL SERVICES CORP., ENTERPRISE BANK & TRUST, and SEACOAST COMMERCE BANK, | ) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on August 20, 2020 (the "Proposed Transaction"), pursuant to which Seacoast Commerce Banc Holdings ("Seacoast" or the "Company") will be acquired by Enterprise Financial Services Corp. ("Enterprise"), a Delaware corporation.

2. On August 20, 2020, Seacoast's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Enterprise, Enterprise Bank & Trust ("Enterprise Bank"), and Seacoast

Commerce Bank ("Seacoast Bank"). Pursuant to the terms of the Merger Agreement, Seacoast's stockholders will receive 0.5061 shares of Enterprise common stock for each share of Seacoast common stock they own.

3. On September 11, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Seacoast common stock.

9. Defendant Seacoast is a California corporation and a party to the Merger Agreement. Seacoast's common stock is traded OTC under the ticker symbol "SCBH."

10. Defendant Alan W. Arendsee is Chairman of the Board of the Company.

11. Defendant Richard M. Sanborn is President, Chief Executive Officer, and a director of the Company.

12. Defendant David H. Bartram is Chief Operating Officer and a director of the Company.

13. Defendant Lisa M. Betyar is a director of the Company.

14. Defendant Robert DePhilippis is a director of the Company.

15. Defendant Irving Feldkamp is a director of the Company.

16. Defendant Richard S. Levenson is a director of the Company.

17. Defendant Timothy K. O'Connor is a director of the Company.

18. Defendant B. Ted Field is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Enterprise is a Delaware corporation and a party to the Merger Agreement.

21. Defendant Enterprise Bank is a Missouri state-chartered trust company with banking powers, a wholly-owned subsidiary of Enterprise, and a party to the Merger Agreement.

22. Defendant Seacoast Bank is a California chartered commercial bank, a wholly-owned subsidiary of Seacoast, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action as a class action on behalf of himself and the other public

stockholders of Seacoast (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of August 20, 2020, there were approximately 9,646,116 shares of Seacoast common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

30. Seacoast is a bank holding company with one wholly-owned banking subsidiary, Seacoast Bank.

31. Seacoast Bank has five full-service banking branches in California and Nevada, and loan and deposit production offices throughout Arizona, California, Colorado, Illinois, Indiana, Massachusetts, Michigan, Nevada, Ohio, Oregon, Texas, Utah, and Washington.

32. On August 20, 2020, Seacoast's Board caused the Company to enter into the Merger Agreement.

33. Pursuant to the terms of the Merger Agreement, Seacoast's stockholders will receive 0.5061 shares of Enterprise common stock for each share of Seacoast common stock they own.

34. According to the press release announcing the Proposed Transaction:

> Enterprise Financial Services Corp (Nasdaq: EFSC) (the "Company," "EFSC," "Enterprise," "we," "us," or "our"), the holding company of Enterprise Bank & Trust ("EB&T"), and Seacoast Commerce Banc Holdings (OTCPK: SCBH) ("SCBH"), the holding company of Seacoast Commerce Bank ("Seacoast"), announced today that EFSC, EB&T, SCBH and Seacoast have entered into a definitive merger agreement in a transaction valued at approximately $156 million, or $15.80 per SCBH share, based on the closing price of EFSC's common stock on August 19, 2020. On a pro forma consolidated basis, the combined company would have approximately $9.7 billion in consolidated total assets as of June 30, 2020. . . .
>
> Under the terms of the definitive agreement, upon consummation of the transaction, each holder of SCBH common stock will receive 0.5061 shares of EFSC common stock for each SCBH common share held and cash in lieu of fractional shares. The transaction is intended to qualify as a tax-free reorganization for U.S. federal income tax purposes and SCBH shareholders are not expected to recognize gain or loss to the extent of the stock consideration received.
>
> Existing Enterprise shareholders will own approximately 84% of the outstanding shares of the combined company, and SCBH shareholders are expected to own

approximately 16%.

The transaction, which has been unanimously approved by the boards of directors of the Company, EB&T, SCBH, and Seacoast, is expected to close in late 2020 or early 2021, subject to satisfaction of customary closing conditions, including receipt of regulatory approvals and approval of SCBH's shareholders. In the transaction, SCBH will merge into Enterprise, and Seacoast will merge into EB&T, with Enterprise and EB&T the surviving entities. Upon closing of the transaction, SCBH Chief Executive Officer Richard M. Sanborn will join the Enterprise board of directors. SCBH's directors and executive officers, have entered into agreements with the Company pursuant to which they have committed to vote their shares, which represent approximately 31% of SCBH's issued and outstanding common stock, in favor of the acquisition. . . .

Advisors to the Transaction

Boenning & Scattergood, Inc. served as financial advisor to EFSC and Holland & Knight LLP served as legal counsel. Keefe, Bruyette & Woods, *A Stifel Company,* served as financial advisor to SCBH and Sheppard, Mullin, Richter & Hampton served as legal counsel.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

35.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

36.     As set forth below, the Registration Statement omits material information.

37.     First, the Registration Statement omits the Company's and Enterprise's financial projections.

38.     The Registration Statement fails to disclose the "financial and operating forecasts and projections of Seacoast that were prepared by, and provided to KBW and discussed with KBW by, Seacoast management and that were used and relied upon by KBW at the direction of such management and with the consent of the Seacoast board of directors."

39.     The Registration Statement fails to disclose the "'street estimates' of Enterprise, as well as assumed long-term Enterprise growth rates provided to KBW by Enterprise management, all of which information was discussed with KBW by Enterprise management and used and relied

upon by KBW based on such discussions, at the direction of Seacoast management and with the consent of the Seacoast board of directors."

40. The Registration Statement also fails to disclose the "estimates regarding certain pro forma financial effects of the merger on Enterprise (including, without limitation, the cost savings and related expenses expected to result or be derived from the merger) that were prepared by, and provided to and discussed with KBW by, Enterprise management and that were used and relied upon by KBW based on such discussions, at the direction of Seacoast management and with the consent of the Seacoast board of directors."

41. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

42. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Keefe, Bruyette & Woods, Inc. ("KBW").

43. With respect to KBW's Enterprise Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

44. With respect to KBW's Seacoast Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

45. With respect to KBW's Selected Transactions Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

46. With respect to KBW's Financial Impact Analysis, the Registration Statement fails to disclose: (i) the closing balance sheet estimates as of December 31, 2020 for Enterprise and Seacoast; (ii) the calendar year 2021 and 2022 EPS consensus street estimates for Enterprise and the assumed long-term EPS growth rate for Enterprise; (iii) the financial forecasts and projections of Seacoast provided by Seacoast management; (iv) the pro forma assumptions used in the analysis; (v) the extent to which the Proposed Transaction could be accretive to Enterprise's estimated 2021 EPS and estimated 2022 EPS; and (vi) the extent to which the Proposed Transaction could be dilutive to Enterprise's estimated tangible book value per share as of December 31, 2020.

47. With respect to KBW's Enterprise Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the street estimates for Enterprise and assumed long-term growth rates for Enterprise; (ii) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 13.0%; (iii) the estimated excess cash flows that Enterprise could generate over the period from December 31, 2020 through December 31, 2025 as a standalone company and all underlying line items; (iv) Enterprise's terminal values; and (v) KBW's basis for applying a range of 9.0x to 13.0x Enterprise's estimated 2026 earnings.

48. With respect to KBW's Seacoast Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the financial forecasts and projections relating to the net income and assets of Seacoast provided by Seacoast management; (ii) the individual inputs and assumptions underlying the discount rates ranging from 12.0% to 16.0%; (iii) the estimated excess cash flows that Seacoast could generate over the period from December 31, 2020 through December 31, 2025 as a standalone company and all underlying line items; (iv) Seacoast's terminal values; and (v) KBW's basis for applying a range of 9.0x to 13.0x Seacoast's estimated 2026 earnings.

49. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

50. Third, the Registration Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions.

51. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

52. The omission of the above-referenced material information renders the Registration Statement false and misleading.

53. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Seacoast

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Seacoast is liable as the issuer of these statements.

56. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants

were aware of this information and their duty to disclose this information in the Registration Statement.

57. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

58. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

59. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

60. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

61. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Enterprise

62. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63. The Individual Defendants and Enterprise acted as controlling persons of Seacoast within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Seacoast and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control,

directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64. Each of the Individual Defendants and Enterprise was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

66. Enterprise also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

67. By virtue of the foregoing, the Individual Defendants and Enterprise violated Section 20(a) of the 1934 Act.

68. As set forth above, the Individual Defendants and Enterprise had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: September 28, 2020 | **RIGRODSKY & LONG, P.A.** |
| | By: */s/ Gina M. Serra* |
| | Seth D. Rigrodsky (#3147) |
| | Brian D. Long (#4347) |
| | Gina M. Serra (#5387) |
| **OF COUNSEL:** | 300 Delaware Avenue, Suite 210 |
| | Wilmington, DE 19801 |
| **RM LAW, P.C.** | Telephone: (302) 295-5310 |
| Richard A. Maniskas | Facsimile: (302) 654-7530 |
| 1055 Westlakes Drive, Suite 300 | Email: sdr@rl-legal.com |
| Berwyn, PA 19312 | Email: bdl@rl-legal.com |
| Telephone: (484) 324-6800 | Email: gms@rl-legal.com |
| Facsimile: (484) 631-1305 | |
| Email: rm@maniskas.com | *Attorneys for Plaintiff* |